STOKER, Judge.
Appellant, Patricia Trahan, appeals the August 22,1985 judgment of the trial court awarding her custody of her four minor children, subject to certain terms and conditions, and taxing her with expert witness fees in the amount of $1,000. The issue of expert witness fees was not assigned as error, but was briefed. We resolve this issue in favor of appellant herein. We reverse and vacate the judgment of the trial court.
FACTS
On or about August 15, 1982 Patricia Trahan left the home of her in-laws, Raymond and Rose Trahan, taking with her the four minor children of her marriage to Paul Michael Trahan. It was her intent at that time to terminate the marriage and provide a home for her family elsewhere. The younger Trahans and their children had resided with the elder Trahans for most of the years of their troubled marriage. On August 17 the Lafayette Child Protection Center received and investigated a complaint of child neglect made against Patricia Trahan. Appellant had moved with her children to her sister and brother-in-law’s home in Lafayette until more permanent arrangements could be made. After making a surprise visit to the residence, the investigator found the accommodations of the home to be adequate and comfortable, the children’s needs adequately provided for, and the members of appellant’s family willing and able to assist her and the children. The complaint was found to be unsubstantiated and no further action was taken.
However, on August 25 the district attorney’s office for the Parish of Lafayette filed a request for an instanter order to have the children removed from the physical possession of their mother until a hearing could be had. The request stated that (1) the State had good and sufficient reasons to believe that the mother, Patricia Trahan, was incapable of providing for them and that she was jeopardizing the safety and well-being of the children; (2) she removed them from the home of the grandparents where they had resided in excess of six years without cause and without making sufficient arrangements for their care; (3) the State had reason to believe that Patricia Trahan was a substance abuser, and her mental state made it impossible for her to rationally and adequately care for the children; and further (4) the grandparents had pre-registered the children at a local private school and if the children did not appear to officially enroll on August 27 the deposit of $1,000 would be forfeited. This request was not verified. It was nonetheless signed by the district judge, and the sheriff removed the children from their mother and returned them to the grandparents.
A hearing for continued custody was held on August 30, at which time the trial court ordered that the children be remanded to the custody of the Department of Health and Human Resources (DHHR) with physical custody being placed in the grandparents and the father pending further investigations by the State. Interestingly, no representative of DHHR was present at this hearing, and it was not informed of this decree until sometime in September.
On September 23, 1982 Patricia Trahan filed a motion to revoke and rescind the instanter order due to defects in its form and because no further proceedings had been commenced as required by LSA-R.S. 14:403 and the Code of Juvenile Procedure. The hearing on this matter was not held for another two months. On November 23 the court, over appellant’s objections, allowed the State to amend its request to read “Petition” and add a verification at that time. The instanter order was continued at that time and appellant’s motion overruled. The hearing was continued until the next day. That hearing was then continued without date. Another hearing was conducted on December 13, 1982 and again continued without date. On July 28, 1983 and again on March 8, 1984 hearings were scheduled with different judges presiding. Both judges deferred the matter to *1130 the judge more familiar with the proceedings, over appellant’s objections. Another hearing was scheduled for May 17, 1984, at which time the matter was reset for review in August and orders entered by the court. At that time the court ordered that the children remain with the grandparents during the mother’s working hours and that she have them every evening, all day Friday, Saturday and Sunday during the summer months. A hearing was had in chambers on August 29, at which time the court ordered that the children remain with the grandparents from Monday through Friday, with their mother having possession of them from Friday evening until Sunday afternoon.
Hearings were again held on February 7 and 8, 1985. This hearing was adjourned without date. The last hearing was conducted on June 17, 1985, and briefs were ordered to be submitted to the court. At that hearing appellant filed a motion to dismiss the proceedings which was denied: DHHR had been dismissed from the proceeding by a judgment signed May 8, 1985.
The final judgment in the matter was signed on August 22, 1985 and awarded custody of the minor children to Patricia Trahan, subject to the following terms and conditions: (1) the children remain at St. Genevieve’s Catholic School in Lafayette; (2)the children be brought to the grandparents’ residence at the close of school Monday until Thursday evening at the end of the mother’s working day; and (3) Patricia Trahan have actual physical possession of the children from Thursday evening until Monday at the close of school. Patricia Trahan was additionally ordered to pay the expert witness fees fixed by the court for the two psychologists who examined the children and the mother at the court’s direction.
ISSUES ON APPEAL
The issues presented in this appeal are (1) whether these proceedings conducted without a timely filed petition are null and void and without legal effect; (2) whether the trial court erred in allowing the pleadings to be enlarged over appellant’s objections; and (3) whether the trial court abused its discretion in ordering what amounts to a division of custody between the mother and paternal grandparents. We reverse and vacate the judgment of the trial court, as these proceedings were conducted without compliance with the mandates of LSA-R.S. 14:403 and the Code of Juvenile Procedure and are therefore null and void and without legal effect. Moreover, we do not find that the children were neglected or abused at the time of the court’s final judgment which essentially divided custody between the mother and paternal grandparents.
ISSUE NUMBER ONE
These protracted proceedings, whether initiated pursuant to LSA-R.S. 14:403(G)(6) or under Chapter 4 of the Code of Juvenile Procedure, were defective from the start. The request for an instanter order filed on August 25, 1982 was required to be a verified complaint as defined in Articles 25 and 26 of the Code of Juvenile Procedure. The complaint was not verified. Articles 25 and 26 provide as follows:
Art. 25. Taking child into custody with a court order
' The court may issue an order directing that a child be taken into custody upon presentation to the court of a written verified complaint by a peace officer, probation officer, district attorney, or other person designated by the court alleging facts showing that there are reasonable grounds to believe that:
(1) The child has committed a delinquent act;
(2) The child is a child in need of supervision;
(3) The child is a child in need of care; or
(4) The child has violated the terms of his probation or otherwise has violated the terms of his release.
Added by Acts 1978, No. 172, § 1, eff. Jan. 1, 1979.
Art. 26. Verified complaint; definition
A verified complaint is a written statement of facts sworn to before an officer *1131 authorized by law to administer oaths showing there are reasonable grounds to believe that the child should be taken into custody pursuant to Article 25.
Added by Acts 1978, No. 172, § 1, eff. Jan. 1, 1979.
Nevertheless, these children were removed from their mother on the basis of the request for the instant order, and despite the fact that DHHR found the complaint made to it to be unsubstantiated. There is no exception in Chapter 4 of the Code of Juvenile Procedure for failure to comply with the formal requirements of Articles 25 and 26. Under the circumstances, the State was required to file its petition in conformity with Chapter 7 of the Code of Juvenile Procedure within 30 days of the August 30 hearing to continue custody.
LSA-R.S. 14:403G(10) provides:
“(10) If a child is continued in custody, a petition shall be filed within thirty days of the hearing to determine continued custody. If a petition is not filed, the child shall be released unless good cause is shown to continue the child in custody.”
No petition was filed as required by this authority. Patricia Trahan accordingly filed her motion to revoke and rescind the instanter order on September 23. No petition was filed thereafter, and a hearing was not set until November 23. When given the opportunity to cure the defects complained of at that time, the State chose to amend its request to read “Petition.” The petition to initiate an adjudication must comply with the requirements set out in Chapter 7 of the Code of Juvenile Procedure.[1] Again a verified petition is required *1132 along with other formalities. Article 47 of the Code of Juvenile Procedure sets out these requirements of form, but adds that failure to comply with this article does not give rise to dismissal or invalidation of the proceeding. Allowing for that exception, the petition herein further lacks the requirements of Articles 48 and 49 which are not waived in Chapter 7. These defects were not cured on November 23, 1982, three months after these children were removed from their mother.
Ultimately, by the time the trial court found the children to be neglected and ordered the disposition that it did, there was no longer any factual basis in the record to support a finding that the children were in need of care. The children were being adequately cared for by their mother and grandparents, DHHR recommended that they be returned to their mother, and psychological examinations revealed both mother and children to be well adjusted and normal. The general consensus of DHHR and the experts was that Patricia Trahan possessed the ability and capacity to provide maternal care to her children, and full custody and control should be restored. This proceeding should have been dismissed and the children returned to their mother with no terms and conditions imposed.
ISSUES NUMBERS TWO AND THREE
Because we find that these proceedings were procedurally defective and not in compliance with either the letter or spirit of LSA-R.S. 14:403 and the Code of Juvenile Procedure and there existed no factual basis in the record for a finding of abuse or neglect, we need not address these issues.
CONCLUSION
Accordingly, for the reasons assigned herein, the judgment of the trial court is reversed and vacated. It is ordered that full custody and control of the minor children, Joseph, Jennifer, Jimmy and Jonathan Trahan, be restored to their mother, Patricia Trahan; additionally, the expert witness fees fixed in the amount of $1,000 are to be paid by the State as a cost of this proceeding. The costs of this appeal are to be assessed to the State of Louisiana.
REVERSED AND RENDERED.

. The pertinent Articles of Chapter 7 are as follows:
Art. 45. Authority to file petition
A proceeding under Article 15 shall be commenced by petition.
The district attorney may file a petition without leave of court.
Any person authorized by the court may file a petition if there are reasonable grounds to believe that the child is a delinquent child, a child in need of supervision, or a child in need of care.
Added by Acts 1978, No. 172, § 1, eff. Jan. 1, 1979.
Art. 46. Time for filing of petition; child in custody
If a child is continued in custody prior to adjudication, a petition shall be filed within forty-eight (48) hours of the hearing to determine continued custody. If no petition is filed, the child shall be released.
Added by Acts 1978, No. 172, § 1, eff. Jan. 1, 1979.
Art. 47. Form of petition
A. The petition shall contain a caption setting forth the name of the court and'the title of the action. The petition shall be entitled, "The State of Louisiana in the Interest of...
B. Allegations of fact shall be simple, concise, and direct and shall be set forth in numbered paragraphs. As far as practicable, each paragraph shall be limited to a single set of circumstances.
C. The petition shall be verified. Allegations of fact may be made on information and belief.
D. Failure to comply with formal requirements of this Article shall not be grounds for dismissal of a petition or invalidation of the proceedings unless it results in substantial prejudice.
Added by Acts 1978, No. 172, § 1, eff. Jan. 1, 1979.
Art. 48. Contents of petition
A. The petition shall set forth with specificity:
(1) The name, date and place of birth, sex, race, address and present location of the child;
(2) The names and addresses of the parents and spouse, if any, of the child; provided that if the parents are not within the state or cannot be located, the name and address of the child’s closest adult relative within the state or, if there be none, the known adult relative residing nearest to the court;
(3) Facts which show that the child is a delinquent child, a child in need of supervision, or a child in need of care; and
(4) The statute or ordinance which the child is alleged to have violated if an offense is the basis for filing the petition.
B. If the information required by Subpara-graph A(l) or (2) is unknown, the petition shall so allege. Any defects in the allegations required by Subparagraphs (1) and (2) and in the citation of the statute or ordinance required by Subparagraph (4) shall be considered defects of form.
Added by Acts 1978, No. 172, § 1, eff. Jan. 1, 1979.
Art. 49. Request for adjudication
The petition shall conclude with a request that the court adjudicate the child to be delinquent, to be in need of supervision, or to be in need of care. The request for adjudication *1132 may be made conjunctively or in the alternative.
Added by Acts 1978, No. 172, § 1, eff. Jan. 1, 1979.
Art. SO. Amendment of petition
A. With leave of court, at any time, the district attorney or the person filing the petition may amend the petition to cure defects of form.
B. With leave of court, prior to the adjudication hearing, the district attorney or the person filing the petition may amend the petition to include new allegations of fact or requests for adjudication.
C. If a petition is amended prior to the adjudication hearing to include new allegations of fact or requests for adjudication, the child may request a continuance of the adjudication hearing. A continuance may be granted for such period as is required in the interest of justice.
D. In delinquency proceedings, after the commencement of the adjudication hearing, a petition shall not be amended to include new allegations of fact or requests for adjudication.
Added by Acts 1978, No. 172, § 1, eff. Jan. 1, 1979.